## ESSELSTYN v. OWL CREEK COAL COMPANY.

(No. 930; Decided March 18th, 1918; 171 Pac. 264.)

APPEAL AND ERROR—SERVICE OF SUMMONS IN ERROR—COMMENCE-
MENT OF PROCEEDINGS IN ERROR—MOTION TO QUASH SERVICE.

1. An original summons in error not having been served during the life of the writ, conferred no jurisdiction, and an alias summons in error issued and served more than sixty days after the filing of the petition in error did not constitute the commencement of proceedings in error based upon such petition under Comp. Stats. 1910, Section 5111, as amended by Chapter 70, Laws 1917.

ERROR to the District Court, Hot Springs County; HON. P. W. METZ, Judge.

Action by E. E. Esselstyn against the Owl Creek Coal Company, a corporation. Judgment for the latter, and the former brings error. Heard on motion to quash the service of the original summons in error and the alias summons in error.

*C. A. Kutcher* and *C. A. Zaring, for* the motions.

Section 5111, Comp. Stats. 1910, as amended by Chapter 70, Laws 1917, clearly states the requirements as to the issuance and service of summons in error. Petition in error was filed December 10th, 1917, returnable January 10th, 1918. It was served January 24th, 1918, fourteen days after the return date. The service should be quashed. (In re. Big Laramie River, 23 Wyo. 75.) An alias summons in error was issued on February 23rd, 1918, and served on February 25th, 1918. . This was too late, as the alias summons was neither issued or served within sixty days from the filing of

the petition in error. The service of the alias summons should also be quashed. The cause should also be dismissed, as no other summons will be effectual to give the court jurisdiction, the time for perfecting the appeal having expired.

*Goddard & Clark,* contra.

Beard, Justice.

The petition in error in this case was filed December 10, 1917. Praecipe for summons in error was filed and summons in error issued the same day and made returnable on or before January 10, 1918. Service of said summons was made January 24, 1918, and returned and filed January 28, 1918. Praecipe for alias summons in error was filed February 23, 1918, and alias summons in error was issued on that day and made returnable on or before March 25, 1918, was served February 25, 1918, and returned and filed February 27, 1918.

Defendant in error, appearing specially for that purpose, has submitted motion to quash the service of the original summons in error for the reason that it was not served until after the return day. Also to quash the alias summons in error for the reason that it was not issued or served until more than sixty days after the filing of the petition in error.

Chapter 70, S. L. 1917, amending and re-enacting Sec. 5111, Comp. Stat. 1910, provides: "The proceeding to obtain such reversal, vacation or modification shall be by petition in error filed in the court having power to make the reversal, vacation or modification, and setting forth the errors complained of. There shall also be filed at the same time a praecipe for summons, or the affidavit hereinafter provided for, or both, as the case may be. Thereupon a summons shall issue and be served in the manner provided by law for the service of summons in civil actions, and service on the attorney of record in the original case shall be sufficient. Summons shall be made returnable thirty days after its date unless said date would fall on Sunday or on a legal holiday, in which case it shall be made returnable on the next succeeding secular or business day. * * * * If service is

not procured on said summons, a like alias summons shall be issued upon the filing of a praecipe therefor. To constitute the commencement of such proceedings in error service of summons must be made within sixty days from the filing of the petition in error. * * * * When service of summons or publication of notice is made, as above provided, the proceedings in error shall be deemed commenced as of the date of filing the petition in error."

It is only necessary to refer to the statute above quoted for authority to grant the motions in this case. The original summons not having been served during the life of the writ conferred no jurisdiction of the person of the defendant in error. "After the return day a writ loses its vitality, and service made thereafter is a nullity, conferring no jurisdiction over the person so served." (1 Enc. P. & P. 600, and note 2.) And as the praecipe for the alias summons was not filed and the summons was not issued or served until more than sixty days after the filing of the petition in error, such summons and service did not, according to the plain language of the statute, constitute the commencement of proceedings in error, based upon such petition, and said summons should be quashed. The motions, therefore, will be granted, and the service of the original summons, and the alias summons will be quashed. And inasmuch as the time within which service of a summons based upon the petition in error now on file has expired and as service made hereafter would not constitute the commencement of those proceedings in error, it is further ordered by the court on its own motion that said proceedings in error be dismissed.

Service of original summons and alias summons quashed and proceedings in error dismissed.

POTTER, C. J., and BLYDENBURGH, J., concur.